[No. 11969. Department One. September 21, 1914.]

SADIE EGHOLM, *Appellant*, v. E. E. WILLIAMS *et al.*, *Respondents.*[1]

APPEAL—RECORD—REVIEW. Where respondent filed no supplemental abstract or moved against appellant's abstract for failure to comply with the statute and court rules, and made no appearance in the supreme court, the cause will be determined upon the findings of the trial court and the appellant's abstract.

PARTNERSHIP—RETIREMENT OF PARTNER—LIABILITY—NOTICE. A retiring partner is liable for the wages of an employee who entered upon employment prior to dissolution of the partnership, in the absence of notice of dissolution, or knowledge of facts sufficient to charge notice or impose the duty of making inquiry.

Appeal by plaintiff from a judgment of the superior court for King county, Dykeman, J., entered January 3, 1914, upon findings in favor of the plaintiff as against one defendant, in an action on contract, tried to the court. Reversed.

*Howard O. Durk,* for appellant.

MAIN, J.—The plaintiff brought this action against the defendants, E. E. Williams and wife, and B. F. Scanlon and

[1]Reported in 143 Pac. 152.

20—81 WASH.

wife, for the purpose of recovering wages alleged to be due
for services rendered. Williams and wife defaulted. Scanlon
and wife answered the complaint by general denial. The
cause was tried to the court without a jury. Judgment for
the sum of $442 was rendered in favor of the plaintiff, and
against Williams and wife only. This appeal is prosecuted
by the plaintiff, claiming that the court erred in declining to
render a judgment against Scanlon and wife also.

The trial court, in substance, found the facts to be as fol-
lows: On January 20, 1913, Williams and Scanlon entered
into a partnership agreement, whereby they were to conduct
a bath house, called Raleigh Sanitarium & Turkish Baths, in
the city of Seattle. On the 25th day of January, the bath
house was opened. The business was conducted by the part-
nership until the 20th day of February, 1913. After this
date, the partnership was dissolved, and Williams leased the
institution from Scanlon. The plaintiff was employed by
Williams to work as a bath house attendant, and pursuant
to said employment, entered upon the performance of her
duties on the 20th day of February, 1913, and continued
thereafter at such employment until July 9, 1913.

The appellant has filed an abstract of the record. No sup-
plemental abstract has been presented. Neither has the ap-
pellant's abstract been moved against for failure to comply
with the statute and court rules. In fact, no appearance
has been made, and no brief filed in this court by the re-
spondents. The cause must therefore be determined upon
the findings of the trial court, and the appellant's abstract.

From the facts stated, it appears that the partnership was
in existence on the 20th day of February, the date the ap-
pellant entered upon her employment, and for some time prior
thereto. The lease was made on the 22d day of February.
Let it be assumed that the lease worked a dissolution of the
partnership. In the abstract, there is no evidence of a dis-
solution, other than a reference to the lease. It thus appears
that the plaintiff had been employed, and had entered upon

her employment, prior to the dissolution. The liability of the partners for the compensation for her services would continue until the appellant either had notice of the dissolution, or knowledge of facts which would charge her with notice, or impose the duty of making inquiry. The abstract is silent upon the question of notice, either actual or of facts that would charge notice. Scanlon having been a member of the partnership when the employment began, and there being no notice, or facts which charge notice, to the appellant of the dissolution, it follows that judgment must be rendered against Scanlon and wife, as well as against Williams and wife.

The cause will be remanded with instructions to the superior court to enter a judgment against Scanlon and wife.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.