No. 52,669

In the Matter of the Appeal of Dr. Gilbert Banks.

KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, *Appellant,* v. DR. GILBERT BANKS, *Appellee.*

(630 P.2d 1131)

Opinion filed July 17, 1981.

*Emily E. Cameron,* of Topeka, argued the cause and was on the brief for the appellant.

*Ron Bodinson,* of Balloun & Bodinson, Chartered, of Olathe, argued the cause and was on the brief for the appellee.

*Richard J. McDonald,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, was on the brief *amicus curiae* for Health Systems Agency of Southeast Kansas, Inc.

The opinion of the court was delivered by

PRAGER, J.: This case involves an administrative determination by the Kansas Department of Health and Environment (KDHE) and the Kansas Corporation Commission (KCC) denying to Dr. Gilbert Banks a certificate of need for a proposed kidney dialysis center in Coffeyville, Kansas. The chronology of events is important and should be briefly stated: On August 27, 1979, Dr. Banks applied to KDHE for the certificate of need. On September 6,

1979, the Cherokee Plains Health Advisory Council recommended by a vote of 19 to 3 that a certificate of need be granted. On September 25, 1979, the Review and Evaluation Committee of the Health Systems Agency of Southeast Kansas, Inc. (HSASEK) by a vote of 6 to 5 recommended denial of the certificate of need. On October 9, 1979, the board of directors of HSASEK by a vote 18 to 8 recommended that the certificate of need be denied. It adopted the report and recommendations of its Review and Evaluation Committee. On November 21, 1979, the Secretary of KDHE issued an order denying the certificate of need. On December 20, 1979, Dr. Banks appealed to the Kansas Corporation Commission. Hearings were held, and on May 7, 1980, the Kansas Corporation Commission upheld the order of KDHE, holding that there was substantial evidence to support its findings and order. Dr. Banks then appealed to the district court of Montgomery County. On September 20, 1980, the district court, by a comprehensive memorandum decision, ordered KDHE to grant a certificate of need to Dr. Banks for the kidney dialysis center at Coffeyville. The district court found that KDHE's findings, as approved by the KCC, that the proposed center failed to satisfy certain "review criteria" were not supported by substantial evidence. KDHE then took a timely appeal to the appellate courts. The parties on the appeal are KDHE, the appellant, and Dr. Gilbert Banks, the appellee.

We do not deem it necessary to discuss at length the purpose of health facility planning legislation. That was gone into in some depth in *Pratt v. Board of Thomas County Comm'rs,* 226 Kan. 333, 597 P.2d 664 (1979); *Suburban Medical Center v. Olathe Community Hosp.,* 226 Kan. 320, 597 P.2d 654 (1979); and more recently in *State ex rel. Metzler v. St. Francis Hosp. & Medical Center,* 227 Kan. 53, 605 P.2d 100 (1980). Suffice it to say, the goals of such legislation and the required procedures for the granting of a certificate of need include the identification and discontinuance of duplicative or unneeded health services and facilities, and the adoption of policies (1) to contain the rapidly rising costs of health care delivery, (2) to insure more appropriate use of health care services, and (3) to promote greater efficiency in the health care delivery system. In accordance with state and federal legislation, HSASEK was designated to conduct health planning for the area which includes Coffeyville, the site of Dr.

Banks's proposed kidney dialysis center. KDHE is the state agency entrusted with the administration of the Kansas certificate of need program as established by K.S.A. 65-4701 *et seq.* and 65-4801 *et seq.* KDHE, acting through its secretary, is required to consider the evaluation and recommendations of the appropriate health systems agency and to make the initial administrative decision as to the need for a proposed new health facility and service.

In considering the need for a project, KDHE must apply certain "interim review criteria" established by the Statewide Health Coordinating Council under the authority granted by K.S.A. 65-4804. The five review criteria or standards to be considered are community need, quality of care, community support, financial feasibility, and cost containment. The evaluation of any proposed health care project against the review standards requires considerable expertise in the field of health care economics. The state agencies which participate in the process are bound by law to attempt to implement the national planning goals of containing rapidly growing costs and avoiding duplicative services. Each "certificate of need" proceeding is an exercise in the inherently inexact science of determining how society's scarce health care resources might best be allocated.

An adverse administrative decision by KDHE may be appealed by an applicant for a certificate of need to the designated review agency, KCC (K.S.A. 65-4809), which is required to make independent findings of fact and *determine* the issue presented. It may approve or disapprove the decision of KDHE (K.S.A. 65-4814[a]). An adverse decision by the KCC may be appealed to the district court of the county in which the proposed health facility is to be located (K.S.A. 65-4816). As noted above, in this case the applicant-doctor appealed to the KCC which upheld the findings of KDHE. Dr. Banks then appealed to the district court of Montgomery County which, as noted above, set aside the administrative decision of the KCC and ordered that a certificate of need be granted to Dr. Banks.

On appeal to the district court and also on appeal to this court, the standard of review is well established. Neither the district court nor this court on appeal is permitted to try the case de novo and substitute its judgment for that of the highest administrative tribunal, the Kansas Corporation Commission. The district court

is restricted to considering whether as a matter of law (1) the administrative tribunal acted fraudulently, arbitrarily, or capriciously, (2) the administrative order is supported by substantial evidence, and (3) the tribunal's action was within the scope of its authority. *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.,* 217 Kan. 546, 539 P.2d 1 (1975). In reviewing the district court's judgment, this court must first determine whether the district court observed the requirements and restrictions placed upon it, and then make the same review of the administrative tribunal's action as does the district court. *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 451, 436 P.2d 828 (1968).

In the present appeal, we have no issue raised that the KDHE or the KCC acted fraudulently or capriciously in denying Dr. Banks a full, fair, and open opportunity to present his evidence and to be heard by the administrative agency or that he was denied due process in any manner. There, likewise, is no contention that the denial of the certificate of need by KDHE or the KCC was not within the scope of their authority.

The sole issue for the determination of the district court was whether the findings of the KCC denying the certificate of need for the kidney dialysis center in Coffeyville were supported by substantial evidence. The deliberation of a reviewing court on application of the "substantial evidence" test is analogous to that of a trial court which considers whether to take a case away from a jury by sustaining a motion for a directed verdict. "Substantial evidence" has been defined as evidence which possesses both relevance and substance, and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated in another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Jibben v. Post & Brown Well Service,* 199 Kan. 793, 433 P.2d 467 (1967). It was the duty of the district court, as well as it is that of this court, to evaluate the record before the KCC to ascertain whether there was sufficient evidence to support that agency's decision. The question is not whether the district court or this court would have reached the same conclusion on the same facts. Neither court may substitute its judgment for that of the KCC on fact issues on which reasonable minds might differ.

We have considered the entire record in this case and have

concluded that there is substantial evidence in the record to support the findings of the KCC that the proposed kidney dialysis center at Coffeyville failed to satisfy the "review criteria" of (1) community need, (2) financial feasibility, and (3) cost containment, as established by the Kansas certificate of need program. We further find that the district court erroneously substituted its judgment for that of the KCC. It would serve no useful purpose for us to recite with particularity all of the evidence in the record considered by the KCC in arriving at its administrative decision that a certificate of need should not be granted. We believe that fair and reasonable minds could have reached contrary conclusions based on the evidence presented and, in fact, did so. We note that the Cherokee Plains Health Advisory Council recommended by a vote of 19 to 3 that the certificate of need be granted; that the Review and Evaluation Committee of HSASEK recommended by a 6 to 5 vote that a certificate of need be denied; and that the board of directors of HSASEK by a vote of 18 to 8 recommended that the certificate of need be denied. Likewise, the Secretary of KDHE concluded that the certificate of need should be denied, which decision was upheld by the three members of the Kansas Corporation Commission.

All administrative agencies were in agreement that the two criteria of "quality of care" and "community support" were met by Dr. Banks. As noted above, however, KDHE found that the criteria of "community need," "financial feasibility," and "cost containment" were not satisfied. On the community need requirement, concern was expressed by some of the witnesses as to the propriety of the proposed service area. The ESDR Network #9 Coordinating Council, of the federal health systems agency, has set planning objectives which require that dialysis services should be available within a sixty-mile radius of any facility, with 75% of the population being within a 60 or 90 minute driving time from dialysis services. In his application, Dr. Banks proposed that the sixty-mile radius include eleven counties. Two Kansas counties, Cherokee and Crawford Counties, were found to be closer to the existing facility at Joplin, Missouri, than to Coffeyville. Residents of Washington County in Oklahoma were within the sixty-mile radius of the Tulsa, Oklahoma, facility. The total service area population of the proposed eleven-county service area was about 220,000. Elimination of the three counties

mentioned would reduce the total area population by 103,000, a 47% reduction in the service area. Doubt was expressed that the remaining population would be sufficient to support the proposed facility.

Carla McCracken, staff member of HSASEK, testified, in substance, that in the entire area of HSASEK there are currently 152 patients who have been identified as having end-stage renal disease. Of these 152 patients, only 23 were identified as living within the proposed service area. Of these 23 patients, eight are currently on home dialysis, four have been transplanted, and 11 currently receive in-center dialysis. Five individual dialysis patients, who live in either Crawford or Cherokee Counties, submitted letters stating that they would continue to dialyze at Joplin and that they would not utilize a facility at Coffeyville. We have concluded that a *bona fide* doubt was raised as to whether there was sufficient community need in the proposed service area to justify the Coffeyville facility.

As to the criteria of "financial feasibility," there was substantial evidence to support KDHE's and the KCC's finding that the projected use rate of the proposed clinic would not be sufficient to sustain it financially. This finding was based in part on the conclusion that the proposed service area, when reduced by the three counties, would not provide sufficient patients to support financially the center at Coffeyville. There was also evidence in the record that the proposed clinic would not receive sufficient medicare reimbursements to support the facility. Although the conclusion reached on this evidence might be fairly disputed by reasonable minds, it appears to us that it furnished substantial evidence to support the findings that the center failed to satisfy the criteria of financial feasibility. We also note that the ESDR planning documents state, as a condition for that agency's federal support, that an applicant should provide evidence that the projected use rates of the machines will reach 70% within the first three years of operation. The executive director of ESDR testified that the applicant, Dr. Banks, had projected a 50% utilization rate for the dialysis stations by the end of the third year of operation, which did not meet the ESDR goal.

There was also substantial evidence to support the findings that the proposed application for the certificate of need did not meet the review criteria of "cost containment." The application of the

cost containment criterion required KDHE and the KCC to consider two issues: (1) Are there other means for meeting the unmet health need that are more cost efficient than the proposed project? (2) Would the project have unnecessary inflationary impact on patient charges? KDHE and the KCC found that the proposed dialysis center failed to meet the cost containment standard because it would not provide a cost-efficient alternative to home dialysis or dialysis at existing facilities. The record fairly indicates that the existing dialysis facilities at Joplin and Tulsa were effectively meeting the population needs for dialysis. In addition, there is substantial evidence in the record that home dialysis provides a less costly or more efficient alternative to constructing an additional dialysis center in Coffeyville. Home dialysis is recognized as the least costly kind of dialysis treatment. One of the objectives of the national program is to encourage self-dialysis for as many patients as are medically and psychologically suitable for this form of dialysis. The report prepared by ESDR Network #9 on existing dialysis patients in the proposed service area showed that eight patients of a total of 29 were already dialyzing at home and that home dialysis was a workable alternative for a significant number of area patients.

We can understand how the district court could have reached the conclusion that a kidney dialysis center at Coffeyville would provide kidney dialysis service to the people in the immediate area. However, as noted above, that is not the test to be applied by the district court on appeal from a determination by the KCC. After a careful review of the record, we can reach no other conclusion than that the record furnishes a substantial basis of fact which supports the findings of the KCC in its denial of the application for the certificate of need in this case. We, therefore, reverse the district court's judgment ordering KDHE to grant a certificate of need for Dr. Banks's kidney dialysis center at Coffeyville.

The judgment of the district court is reversed.