No. 53,379

BOSWELL, INC., d/b/a BROADACRES, *Appellant,* v. JOSEPH F. HARKINS,
SECRETARY, KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT,
*Appellee.*

(640 P.2d 1208)

Opinion filed
February 27, 1982.

*Robert L. Taylor,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Emily E. Cameron,* of Kansas Department of Health and Environment, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This is an administrative appeal authorized by K.S.A. 39-931 (Ensley). The appeal is from an order of the Department of Health and Environment denying licensure and certification as an intermediate nursing care home to Boswell, Inc., d/b/a Broadacres. This facility was located in Reno County near the city of Hutchinson, Kansas. The building was rented from the county by Mary and Frank Boswell in 1969, and a family corporation, Boswell, Inc., was organized to operate this and one other nursing home. This appeal only concerns the facility referred to as Broadacres. Broadacres was operated until it was

ordered closed January 1, 1980. Most of the seventeen persons who occupied the facility at the time of the closing were recipients of federal benefits in the medicaid program. A state-licensed adult care home has to meet the federal certification standards to participate in the medicaid program.

A yearly survey of all nursing homes in Kansas is made by the Kansas Department of Health and Environment. As a result of the survey of Broadacres made at the end of September, 1978, the facility was found not to be in substantial compliance with the rules and regulations set by the department to govern intermediate nursing care homes. License renewal was denied in October, 1978. Later, on October 13, 1978, a second survey was completed to determine if federal certification requirements could be met. The facility did not meet the federal requirements and recertification was denied. The Boswells were notified that the deficiency findings could be discussed in conference with the department on November 2, 1978. They did not confer. The denial of the order refusing to renew the license was appealed. The appeal was heard by a hearing officer and the order revoking the license was affirmed. During this period a third survey and inspection for licensure was carried out. This was during the middle of July, 1979. Again the facility was found in substantial noncompliance with nursing home requirements.

Thereafter the Boswells gave up on the appeal of the revocation proceedings. Instead of appealing the revocation proceedings to the courts, they filed a new application for licensure and certification with the department. The premises were surveyed and inspected a fourth time by the department. This was about the middle of November, 1979. The facility was not in compliance with state and federal requirements and the application was denied.

This latter order denying the new application was appealed and it is the order presently on appeal before this court. The Reno County District Court examined the 911 page transcript of proceedings, including various exhibits, and affirmed the order denying licensure and certification which was issued by the Secretary of the Department of Health and Environment. This court in turn has examined this transcript, the exhibits and the briefs of the parties and will consider the contentions of the appellant.

The appellant first argues for a full de novo review of the proceedings by this court. This is a review of an administrative order denying licensure and certification. The scope of review contemplated by 39-931 is stated:

"Any applicant or licensee aggrieved by the order of the licensing agency in denying, suspending, or revoking a license may appeal therefrom by filing a petition specifying the action of the licensing agency appealed from, in the district court of the county in which the applicant or licensee resides, within fifteen (15) days after receipt of a copy of the order of the licensing agency, and said court shall have jurisdiction to affirm, reverse, modify, or vacate the order complained of *if the court is of the opinion that the order was arbitrary, unlawful, or unreasonable.*

". . . From the judgment of the district court, appeal may be taken as in other civil actions. An appeal to the district court or an appellate court shall not operate to stay the effect of an order of the licensing agency, unless the judge or the court shall specifically allow such a stay." Emphasis supplied.

The scope of court review contemplated by 39-931 of an order of the Department of Health and Environment refusing to issue a license to an adult care home is limited to determining whether the order was arbitrary, unlawful, or unreasonable. On appeal a court is restricted to considering whether as a matter of law (1) the administrative tribunal acted fraudulently, arbitrarily, or capriciously, (2) the administrative order is supported by substantial evidence, and (3) the tribunal's action was within the scope of the authority of the administrative tribunal. See *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 450, 436 P.2d 828, 28 A.L.R.3d 472 (1968); *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.,* 217 Kan. 546, 539 P.2d 1 (1975); *Kansas Dept. of Health & Environment v. Banks,* 230 Kan. 169, Syl. ¶ 1, 630 P.2d 1131 (1981).

Appellant next contends the statute and regulations adopted by the Department of Health and Environment with regard to the licensing of adult care homes constitute an unlawful delegation of legislative authority and are constitutionally impermissible as being vague and indefinite.

The legislature may enact general provisions for regulation and grant to *state agencies* certain discretion in filling in the details, provided it fixes reasonable and definite standards to govern the exercise of such authority. *Gumbhir v. Kansas State Board of Pharmacy,* 228 Kan. 579, 584, 618 P.2d 837 (1980).

Appellant fails to consider the law and the regulations in their entirety. K.S.A. 39-923(*a*)(3) (Ensley) fully defines an intermedi-

ate nursing care home. The purpose of the act is clearly stated in 39-924. The requirements governing issuance of a license, covering inspections and investigations, providing for renewability, nontransferability, display and contents of the license are set forth in the provisions of the statute which follow in the other sections of the act. The Department of Health and Environment as the licensing agency is specifically authorized by 39-926 to establish necessary standards, rules and regulations for the operation and licensure of these facilities.

In addition thereto the rules and regulations of the Department of Health and Environment relating to the adult care homes were adopted in accordance with K.S.A. 1981 Supp. 77-420 and 77-421, which require approval by the secretary of administration and the attorney general, plus public hearings after notice. Then under 1981 Supp. 77-426, provision is made for examination, modification or rejection of these regulations by the legislature. Thus the regulations are indirectly regulations which have been approved and adopted by the legislature.

Appellants also claim that the law and regulations are vague and indefinite. The few phrases or words specifically pointed to by appellant have well understood common meanings and are neither vague nor indefinite.

K.S.A. 39-923 *et seq.* (Ensley), and amendments which provide for the licensure of adult care homes, do not constitute an unlawful delegation of legislative authority and are not constitutionally impermissible as being vague and indefinite.

We turn next to the question of whether the order of the agency was supported by substantial competent evidence. The secretary approved the findings of the hearing officer. There were some thirty instances in which specific requirements for the health and safety of residents in the adult care home were found to have been violated. These violations need not be specifically tied to each respective regulation violated. Suffice it to say noncompliance was found in regard to the regulations beginning with K.A.R. 28-39-31 and continuing through K.A.R. 28-39-44. After examining the transcript we have no hesitation in saying the order denying licensure and certification was supported by substantial competent evidence in the following particulars:

Broadacres had neither an approved physical therapy room nor a physical therapy program. The facility had a single utility room

in which dirty nonsterile bedding and clothing were kept next to clean bedding and clothing. The employees were not properly trained for their jobs. Five of those working as nurses aides were not qualified as nurses aides. Pesonnel records on employees were not kept up to date. Records covering the admission and discharge of patients were not available in the files. A mental patient continued to be kept in the facility in direct violation of regulations applying to intermediate nursing care homes. The occupational therapist worked at this facility less than one hour a month, although her contract required two or three hours a month. There was no activity schedule or program for the residents in the home. There was no attempt to provide marked diet trays for residents needing special diets. Food supplies were inadequate at times and at other times too much food was cooked and later served as leftovers. The pharmaceuticals in the storage room were badly in need of organization and labeling. Narcotics were not properly kept under lock. Nonsterile supplies were kept in the room and the medicines were served in soiled cups. Staffing requirements for the facility were not met and there was no full-time person in charge of medical records. There was no infection control committee headed by a designated doctor or nurse at the facility. There was no workable plan in force to deal with outbreaks of infectious diseases, such as influenza. There were no procedures set up for isolation of patients with infectious diseases.

In addition to the foregoing violations of specific regulations we find that K.S.A. 39-931a(*b*) (Ensley) provides that denial of licensure may be based on repeated violations or failure to correct previous violations. Many of the violations existed and continued through two or more inspections. As many as nine of those violations mentioned above were noted in at least four separate inspections, including the final one before the nursing home was closed.

Appellant's contention that they were not given an adequate opportunity to correct the deficiencies is clearly disproved by the record. A ninety-day provisional license was issued at one time to permit the Boswells to correct these shortcomings. At the end of this period a major portion of the list of violations had not been corrected.

Appellant contends that federal certification was improperly

denied because no violations of federal regulations were established. Under the federal regulations regarding certification of a facility for Title XIX medicaid patients, certification cannot be approved unless and until the facility is licensed by the state. 42 C.F.R. 442.251 (1980). In addition, the state regulations follow the federal regulations closely because many of these adult care homes are heavily dependent upon federal money from the medicaid program to meet their expenses. We have compared the federal regulations with the state regulations and substantial violations of the federal regulations are evident. It was proper for the department to hold this facility in substantial noncompliance with the federal regulations affecting federal certification under Title XIX for care of medicaid patients.

The order denying licensure and federal certification was not arbitrary, unlawful, or unreasonable. The judgment of the district court is affirmed.