(768 P.2d 832)
No. 62,091

KENNETH HANEY, *Appellee*, v. JOAN HAMILTON, KANSAS PAROLE
BOARD, KANSAS DEPARTMENT OF CORRECTIONS, STATE OF KANSAS,
ROGER WERHOLZ, and STEVE DECHANT, *Appellants.*

Opinion filed February 10, 1989.

*John K. Bork*, assistant attorney general, for appellants.

*Jim Lawing*, of Wichita, for appellee.

Before REES, P.J., ELLIOTT, J., and PAUL D. HANDY, District Judge, assigned.

HANDY, J.: The State of Kansas has appealed the trial court's decision reversing the Kansas Parole Board (the Board) and directing that Kenneth Haney be placed on parole. The facts surrounding Haney's conviction on two Class B felonies for second-degree murder, K.S.A. 21-3402, his concurrent ten years to life sentences, and his initial parole board hearing are essentially not in dispute.

The thrust of this case on appeal began with the Board's later review of Haney's eligibility for parole in June 1987. The Board, subsequent to a hearing, voted two-to-one (Board member Joan Hamilton dissenting) to grant Haney parole. However, commensurate with its unwritten policy requiring a unanimous vote for an A or B felon to be paroled, the Board entered its decision denying parole and ordering the matter passed to September 1989 for review.

In September 1987, Haney filed a petition in the district court seeking civil rights relief under 42 U.S.C. § 1983 (1982), habeas corpus relief pursuant to K.S.A. 60-1501 *et seq.*, and injunctive relief pursuant to K.S.A. 60-901 *et seq.*

The trial court, following an evidentiary hearing, determined that the Board's unanimous vote rule violated the provisions of K.S.A. 1987 Supp. 77-201 *Fourth*, and was, therefore, an illegal act. The court additionally concluded that the findings of Hamilton and the Board were not substantially supported by the evidence and that, accordingly, the Board had acted in an arbitrary and capricious fashion. The Board was thereafter ordered, in a journal entry filed January 21, 1988, to release Haney on immediate parole.

The State, on behalf of the Board and Hamilton, filed its notice of appeal from the trial court's decision on February 3, 1988. Prior to the State's appeal, however, Haney had filed a motion for attorney fees, which was pending. A hearing on Haney's motion was held on February 23, 1988, and fees were granted. The journal entry of this proceeding was not filed, however, until March 7, 1988. No other appeal was taken by the State.

In light of the filing date of the notice of appeal and the trial court's subsequent action, an issue arises concerning this court's jurisdiction to review all issues presented by the record.

The parties agree, and we concur, that we have jurisdiction over those issues raised and emanating from the trial court's decision as journalized and filed on January 21, 1988. K.S.A. 1987 Supp. 60-2102(a). However, as to the issue of attorney fees, we conclude that the State's notice of appeal was premature, that the issue is jurisdictionally defective, and that it is, therefore, not properly before us for review. *Miller v. Safeco Ins. Co. of America*, 11 Kan. App. 2d 91, 93-94, 712 P.2d 1282, *rev. denied* 238 Kan. 878 (1986); see Rule 2.03 (1988 Kan. Ct. R. Annot. 6).

Turning then to the other issues on appeal, the State first contends the trial court erred in holding that Hamilton and the Board acted arbitrarily and capriciously in denying Haney's parole. In support of its argument, the State urges that the trial court, in entertaining an evidentiary hearing, ignored the judicial scope of review as mandated by K.S.A. 22-3710, and essentially substituted its discretion and judgment for that of the Board.

K.S.A. 22-3710 provides, in pertinent part, that "[t]he orders of the authority shall not be reviewable except as to compliance with the term of this act or other applicable laws of this state." In citing the foregoing statutory authority, we have previously discussed the appropriate scope of review for the district court in

reviewing parole board decisions. In *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 185, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987), we held:

"[T]he [district] court's inquiry is limited to whether the authority complied with applicable statutes and whether its action was arbitrary and capricious. [Citations omitted.] The district court has no authority to substitute its discretion for that of the authority in granting parole. If there is a serious due process violation or if the authority abuses its discretion, the district court can only remand the case to the Kansas Adult Authority [now Kansas Parole Board] with instructions to grant the proper hearing and make the proper findings."

See *In re Uphoff*, 7 Kan. App. 2d 301, 306, 641 P.2d 406 (1982).

In reviewing the district court's judgment, we must first determine whether the district court observed the requirements and restrictions placed on it, and then make the same review of the administrative agency's action as does the district court. *Shawnee Mission Med. Center v. Kansas Dept. of Health & Environment*, 235 Kan. 983, 989, 685 P.2d 880 (1984).

Initially, consideration should be given to whether the Board complied with applicable statutes in entertaining the eligibility of Haney for parole.

K.S.A. 1987 Supp. 22-3717(g) itemizes, without limiting, certain factors which the parole board should consider in a parole hearing:

"[T]he Kansas parole board shall consider all pertinent information regarding each inmate, including, but not limited to, the circumstances of the offense of the inmate; the presentence report; the previous social history and criminal record of the inmate; the conduct, employment, and attitude of the inmate in prison; and the reports of such physical and mental examinations as have been made."

From the record before the district court, it is difficult, at best, to determine whether the Board made any specific findings relative to the factors set forth in K.S.A. 1987 Supp. 22-3717(g). As noted by Haney's counsel, the record from a parole board hearing is quite unlike that of an evidentiary hearing. The record for review by the district court from the parole board consists principally of reports, statements submitted to the Board, Board notes, and a short memorandum decision. As a matter of practice, the district court is presented with a conglomeration of reports and documents from which it must glean whether the Board complied with the law in considering an inmate's parole eligibility. Judicial review should not be reduced to speculation. In a comparable case, our Supreme Court has routinely stated that, in

sentencing proceedings, the better practice is for a trial judge to make a detailed record of the facts and factors considered in imposing sentence. *State v. Crispin,* 234 Kan. 104, 113, 671 P.2d 502 (1983); *State v. Coberly,* 233 Kan. 100, 111, 661 P.2d 383 (1983). Albeit a recorded transcript may prove impracticable for a parole determination, some form of documentation reflecting the Board's findings may likewise prove to be the better practice.

In the instant case, the trial court was not left with the record before the Board, but rather initiated and entertained numerous witnesses, including Hamilton. Hamilton testified that she considered all the factors set forth in K.S.A. 1987 Supp. 22-3717(g) in reviewing Haney's parole eligibility. She stated she voted to deny parole because the crimes involved two deaths, because Haney may be a risk to the community, and because granting parole at that time would depreciate the seriousness of the offense for which he was convicted. Hamilton further claimed that her opinion that Haney may prove a risk was based on a doctor's psychological report, which indicated Haney was prone to violent responses and overreaction to personal crises. She further expressed concern over the nature and circumstances of the crimes, including the fact a gun was used and the fact 22 shots were fired at the victims at close range.

It appears to us that the appropriate issue to be addressed by the district court is not whether Haney deserved parole, but whether the evidence furnished a substantial basis in fact which supported the findings of the Board in its denial of parole. *Kansas Dept. of Health & Environment v. Banks,* 230 Kan. 169, 175, 630 P.2d 1131 (1981). We might be inclined to agree with the trial court's conclusion if all that was before it were the reports, statements, and notes of the Board. In this instance, however, the evidence provided at the hearing before the trial court, together with the parole record, indicates that relevant decisional factors were considered by Hamilton and the Board, and that a substantial basis existed for denying Haney's parole. Given the considerable discretion vested in the Board in exercising its parole powers, *Johnson v. Stucker,* 203 Kan. 253, 260, 453 P.2d 35, *cert. denied* 396 U.S. 904 (1969), we cannot conclude that Hamilton and the Board abused their discretion. Accordingly, we conclude that the trial court's finding that the Board's decision was arbitrary and capricious was in error.

The State next contends that the trial court erroneously concluded that the Board's policy requiring a unanimous vote for A and B felons violates the provisions of K.S.A. 1987 Supp. 77-201 *Fourth*.

K.S.A. 1987 Supp. 77-201 provides:

"In the construction of the statutes of this state the following rules shall be observed, unless the construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

. . . .

"*Fourth*. Words giving a joint authority to three or more public officers or other persons shall be construed as [giving] that authority to a majority of them, unless it is otherwise expressed in the act giving the authority."

At the time of Haney's parole hearing, the Board consisted of three members. K.S.A. 1987 Supp. 22-3707. In determining whether an inmate convicted of an A or B felony should be paroled, the Board followed an unwritten policy or rule that required a unanimous vote. A majority vote, as here, would result in no parole being granted.

The trial court determined that the provisions of K.S.A. 1987 Supp. 77-201 *Fourth* applied to the Board; that the Board's adherence to the unanimous vote rule contravened the provisions of the statute and was, therefore, an illegal and arbitrary act.

In *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 180-82, 756 P.2d 410 (1988), our Supreme Court had occasion to review the parole board's unanimous vote policy in an ex post facto challenge. Noting that other jurisdictions had statutorily established the majority voting requirements for parole boards, but that Kansas had not, the court concluded that the legislature here intended the matter be left to the discretion of the board itself, and that such voting requirements were, therefore, internal and procedural in nature.

Where the Supreme Court has had an opportunity to consider the manifest intent of the legislature as it relates to the parole board's authority, we are constrained to conclude that the provisions of K.S.A. 1987 Supp. 77-201 *Fourth*, if applicable, would be inconsistent with such intent. We hold, therefore, that K.S.A. 1987 Supp. 77-201 *Fourth* is not applicable to the statutory authority governing the parole board's power to grant or deny parole.

For the reasons provided herein, the decision of the trial court is reversed and the matter is remanded to the Kansas Parole Board with directions to reinstate its decision.