No. 44,947

MARVIN L. THOMAS, *Appellee,* v. THOMAS M. EVANS, *Appellant.*

(438 P. 2d 69)

Opinion filed March 9, 1968.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, William G. Haynes, Charles N. Henson, Peter F. Caldwell, Roscoe E. Long, R. Austin Nothern* and *Brock R. Snyder,* all of Topeka, were with him on the briefs for the appellant.

*Frank M. Rice,* of Topeka, argued the cause, and *Howard A. Jones, William E. Haney, Wilburn Dillon* and *Larry Nuss,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was an action to recover the unpaid balance due under a written contract for architectural services.

Plaintiff commenced this action against Thomas M. Evans, Dana K. Anderson and Allen D. Kemble d/b/a Evans, Anderson & Kemble. He alleged that the three defendants were doing business as a partnership; that under a written contract with the defendants, he performed certain architectural services, and there remained due and owing him for such services an unpaid balance of $3,931.15 with interest.

Attached to the petition was a copy of the contract in the form of a letter from plaintiff addressed to Evans, Anderson & Kemble setting forth a proposal by plaintiff to design seven basic houses

and exterior elevation variations for defendants' use in subdivision development upon certain terms and conditions including compensation to be paid to plaintiff. The contract concluded as follows:

"If these considerations are satisfactory, please acknowledge by signing below. Return one copy to me and retain the other for your file. On receipt of this acknowledgment I will proceed with the services involved.

"/s/ Marvin L. Thomas
A. I. A., Architect
"/s/ Thomas M. Evans
Evans, Anderson & Kemble

"The signature of Thomas M. Evans was over the typewritten name 'Evans, Anderson & Kemble.'"

The defendants, Anderson and Kemble, filed separate answers in which each of them denied he was ever a partner with any other defendant named in the petition; alleged that the three defendants were doing business as a corporation; that they had no knowledge of any contracts between plaintiff and the defendants and in the event such contracts were executed by any one or more of the defendants, plaintiff was aware that said defendants signed said contracts as officers of the said corporation; that if any one or more of the defendants did execute a contract in any capacity other than as an officer of the corporation then said defendants did so without the acquiescence or consent of the answering defendant, and that said acts, if any were performed by the other defendants, were made as individual acts of their own.

The defendant, Thomas M. Evans, filed a separate answer denying that Evans, Anderson & Kemble were ever a partnership; alleging that any business done with plaintiff was done by a Kansas corporation known as Evans, Anderson, Kemble & Hohman, and that if plaintiff has a claim, the claim is against said corporation.

The case was tried to the court. At the close of the evidence the court gave plaintiff leave to amend on the following motion:

"Comes now the plaintiff and on the basis of statements made in the testimony introduced hereby the defendants in this matter, plaintiff orally moves to amend his petition in the action against the partnership to the extent that should the court find that the contract entered into between Mr. Thomas and 'Evans, Anderson & Kemble does not bind a partnership then the said contract does bind Mr. Thomas M. Evans as an individual for the reason that the contract discloses no corporation and if a partnership does not exist binding Mr. Anderson and Mr. Kemble then it certainly binds Mr. Thomas M. Evans as an individual on his failure to disclose to the plaintiff that the contract was not with him individually."

Judgment was then rendered against Evans in favor of the plaintiff and Evans has appealed.

The appellant first contends that the trial court erred in allowing plaintiff to amend the petition, after the close of all the evidence, to raise an issue not raised by the pleadings and which was not tried.

The record does not support the contention. After the issues were framed, the defendants filed a motion for summary judgment based on the ground the petition did not state a cause of action upon which relief could be granted. In overruling the motion the trial court stated the issues in dispute as follows:

"Defendant's motions for summary judgment are overruled.

"There remain substantial issues of fact in dispute.

"Plaintiff had a contract with Evans, Anderson and Kemble to perform architec*tial* services. He performed certain services for which he, apparently, has not been fully paid.

"The issues in dispute concern who plaintiff was dealing with, and who is liable, Evans, Anderson and Kemble as partners or as a corporation and what defendants lead Thomas to believe when contracting with him, *and whether under the circumstances Evans is personally liable for the debt which he contracted for having failed to disclose his principal.* . . ." Emphasis supplied.

We must give consideration to K. S. A. 60-215 ( *b* ) which provides in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made at any time, even after judgment; but failure so to amend does not effect [affect] the result of the trial of these issues. . . ."

The defendants went to trial without objecting to the issues as defined by the trial court. There can be no objection to the amendment of the petition to conform to the issues so defined and tried.

The appellant next contends the trial court erred in holding Thomas M. Evans individually liable on the contract for the reason that the undisputed evidence showed appellee could and should have known that Evans, Anderson and Kemble was a corporation and he "had reason to know of the corporation."

Appellant calls our attention to the Restatement of the Law, Agency 2d, Vol. 1, Section 4, where it is stated in Comment ( *a* ) as follows:

". . . The other party has notice of the existence or identity of the

principal if he knows, has reason to know, or should know of it, or has been given a notification of the fact. . . ."

and to Section 9 of the same work where it is stated:

"A person has notice of a fact if he knows the fact, has reason to know it, should know it, or has been given notification of it."

Also to Comment (*d*) of Section 9 above where it is stated in part:

"A person has reason to know of a fact if he has information from which a person of ordinary intelligence, or of the superior intelligence which such person may have, would infer that the fact in question exists or that there is such a substantial chance of its existence that, if exercising reasonable care with reference to the matter in question, his action would be predicated upon the assumption of its possible existence. The inference drawn need not be that the fact exists; it is sufficient that the likelihood of its existence is so great that a person of ordinary intelligence, or of the superior intelligence which the person in question has, would, if exercising ordinary prudence under the circumstances, govern his conduct as if the fact existed, until he could ascertain its existence or non-existence. . . ."

The rule as to notice which appellant calls to our attention does not appear to be materially different from the rule announced by this court. In *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257, this court said at page 236 of the opinion:

"Actual notice does not mean that which in metaphysical strictness is actual in its nature, because it is seldom that ultimate facts can be communicated in a manner so direct and unequivocal as to exclude doubts as to their existence or authenticity. Actual notice means, among other things, knowledge of facts and circumstances so pertinent in character as to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts. (16 A. & E. Encyl. of L., 1st ed., 790; Wade, Notice, 2d ed., §§ 3, 4, 5, *et seq.*) In section 5 of Wade on Notice, the author says:

" 'There are two classes of actual notice, which for convenience may be designated as 1. *Express,* which includes all knowledge or information coming to the party to be charged, of a degree above that which depends upon collateral inference, or which imposes upon him the further duty of inquiry; and 2. *Implied,* which imputes knowledge to the party because he is shown to be conscious of having the means of knowledge, though he does not use them. In other words, where he chooses to remain voluntarily ignorant of the fact, or is grossly negligent in not following up the inquiry which the known facts suggest.' "

The trial court made oral findings and conclusions which we quote in part:

"Plaintiff performed architectural services under a contract dated January 9, 1962. A balance is due him from someone all the time or at the time Evans, Anderson & Kemble was a corporation, that is undisputed. There

was no partnership by that name there was no partnership by a name of Evans, Anderson & Kemble or any combination of those names although some of these persons were engaged with others in different enterprises from time to time, corporations, partnerships and joint ventures; and Mr. Thomas had no sure way of knowing with which of these enterprises he was dealing with except by representation of Mr. Evans. A contract was signed by Plaintiff Thomas and by Evans over the typewritten name of Evans, Anderson & Kemble. . . . But can Mr. Thomas collect the amounts due under the contract from Evans personally due to Evans; failure to indicate clearly, verbally or otherwise in what capacity he signed and to disclose his true relationship and to disclose his true principal? This, he failed to do, I think the answer is yes. I think the law so provides Mr. Thomas had no positive knowledge of the existence of the corporation or that he was dealing with the corporation. He says he thought it was a partnership and there is insufficient evidence, if any, that Mr. Thomas actually knew of the existence of the corporation or that this particular contract was with the corporation. Mr. Evans personally signed the contract, accepted the services rendered for himself and his associates yet without giving Mr. Thomas any information that would put him on notice that he must look to a corporation with limited liability. It was Evans' duty to disclose his principal and company and capacity in which he signed. . . ."

The appellant suggests that the trial court's finding that the appellee did not have actual knowledge was not the test but rather the true test was, did the appellee have "reason to know" that he was dealing with a corporation? Appellant further suggests that the undisputed evidence shows that the appellee had reason to know.

We do not believe that the trial judge was confused. He was using actual knowledge to include those things which import actual knowledge, *i. e.,* reason to know. A quite similar situation arose in *Edwards v. Myers,* 127 Kan. 221, 273 Pac. 468, where this court said beginning at page 224:

"As to the second question, that the trial court misconstrued the words 'actual notice' as construed in the statute (R. S. 67-223), this contention is based upon a statement of the trial court at the trial which indicated that defendant's deed would be good against the deed to plaintiff unless the defendant, at the time he took his deed, had 'actual knowledge' of the deed to plaintiff. This construction of the statute is inaccurate. The statute uses the words 'actual notice.' Such actual notice may be expressed or implied. In *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257, it was said:

" 'The words "actual notice" do not always mean in law what in metaphysical strictness they import. They more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.'

"And in *Faris v. Finnup,* supra, [84 Kan. 122, 113 Pac. 407] it was held:

" '. . . actual notice may be expressed when it consists of knowledge actually brought personally home, or it may be implied when it consists of knowledge of facts so informing that a reasonably cautious person would be led by them to the ultimate fact. In the latter case the known facts must be sufficiently specific to impose the duty to investigate further, and they must furnish a natural clue to the ultimate fact.' (Syl. ¶ 1.)"

Both *Pope v. Nichols*, supra, and the *Edwards* case were cited in the recent case of *Lane v. Courange*, 187 Kan. 645, 359 P. 2d 1115.

We are inclined to believe that the trial court used "actual knowledge" as including "reason to know."

Whether or not the appellee had "actual knowledge," including "reason to know," was one of fact to be determined by the trial court upon the evidence. (*Parker v. Maslin*, 85 Kan. 130, 116 Pac. 227.)

We are forced to conclude without detailing all of the evidence that the facts as stated by the trial court—the additional positive statement of the appellee that he did not know of a corporation; the signature of Evans as for a partnership rather than as a corporate officer; the statement of Mr. Evans to prepare the contract for Evans, Anderson & Kemble, and the fact that the corporation had only been in existence two months, November 7, 1961, to January 9, 1962—constituted ample evidence to sustain the finding of the trial court.

The judgment is affirmed.

APPROVED BY THE COURT.