[No. 1189-1.    Division One—Panel 1.    November 6, 1972.]

RONALD JOHNSTON, *Appellant,* v. EDWARD H. BIEHL *et al.,* *Respondents.*

*Jeremiah M. McCormick,* for appellant.

*Mullavey, Hageman, Prout & Kirkland* and *Walter H. Hageman, Jr.,* for respondents.

WILLIAMS, J.—The question in this case is whether the trial court erred in deciding that the plaintiff, Ronald Johnston, was charged with knowledge that he was dealing with a corporation rather than a partnership. We agree with the decision of the trial court and affirm.

The facts are these: For about 6 months prior to February 21, 1968, Johnston performed drywall construction for houses being built by Edward H. Biehl and Irving G. Whiting, a partnership. The work on each house was a separate transaction, and the monthly statements were made out to "Biehl and Whiting." Payment was made by checks given or mailed to Johnston by Edward Biehl. Biehl and Whiting incorporated on February 21, 1968. Thereafter Johnston sent statements as before and was paid by check—seven in all—which were drawn by "Biehl and Whiting, Inc." That designation also appeared in boldface type at the top of each of the seven checks.

After May 1, 1969, Johnston delivered goods and performed services for which he billed "Biehl and Whiting" $2,612.52, which was not paid. In this action to recover that sum from Biehl and Whiting, he contends that his dealings were with the partnership at all times, he had no notice of dissolution as provided for in the partnership act or otherwise, and that they are individually responsible for the debt.

■ The rule is that partners who continue to hold themselves out as such after the formation of a corporation cannot escape responsibility for contracts entered into after the change in business status until the party with whom they are dealing has notice of the change, or knowledge of facts which would charge him with notice, or impose the duty of making inquiry. *Egholm v. Williams*, 81 Wash. 609, 143 P. 152 (1914); *Philipp Lithographing Co. v. Babich*, 27 Wis. 2d 645, 135 N.W.2d 343 (1965).

The applicable section of the partnership act to which Johnston refers is RCW 25.04.350 as follows:

(1) After dissolution a partner can bind the partnership . . .

. . .

(b) By any transaction which would bind the partnership if dissolution had not taken place, provided the other party to the transaction:

(i) Had extended credit to the partnership prior to dissolution and had no knowledge or notice of the dissolution; . . .

Knowledge is interpreted in the act by RCW 25.04.030 as follows:

(1) A person has knowledge of a fact within the meaning of this chapter not only when he has actual knowledge thereof, but also when he has knowledge of such other facts as in the circumstances shows bad faith.

The finding of the trial court that Johnston knew or should have known of the corporate character of the party with whom he was dealing by reason of the receipt of the

seven checks over a lengthy period of time was well within the framework of the evidence.

The judgment is affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.

Petition for rehearing denied December 14,.1972.

Review denied by Supreme Court February 6, 1973.