(817 P.2d 660)

No. 65,663 ■

HILL COMPANY, INC., *Appellant*, v. JOHN O'MALLEY, d/b/a O'MALLEY PLUMBING, *Appellee*.

Opinion filed April 26, 1991.

*Robert E. Keeshan*, of Hamilton, Peterson, Tipton & Keeshan, of Topeka, for the appellant.

*Troy V. Huser* and *Robert L. Pottroff*, of Myers, Pottroff & Ball, of Manhattan, for the appellee.

Before RULON, P.J., REES and LEWIS, JJ.

LEWIS, J.: This is an appeal from the decision of the trial court to dismiss the action filed by appellant, Hill & Company, Inc., (Hill) against appellee, John O'Malley, d/b/a O'Malley Plumbing,

Inc. We hold that the trial court incorrectly decided the issues, and we reverse and remand.

Hill is a corporation engaged in the business of selling wholesale plumbing, heating, and electrical supplies and equipment. In 1979, Hill entered into an agreement with O'Malley, whereby Hill agreed to furnish plumbing equipment and supplies to O'Malley on a credit basis. At the time the credit agreement between Hill and O'Malley was instituted, O'Malley was operating as a sole proprietor and he established an individual credit line account with Hill. The evidence indicates that the account between Hill and O'Malley remained an individual credit account from the time of its inception to the time this lawsuit was filed.

In 1985, O'Malley incorporated his plumbing business as O'Malley Plumbing, Inc. (O'Malley, Inc.). The evidence is conflicting as to whether O'Malley notified Hill orally that he had incorporated. The parties agree that no written notice was given to Hill of O'Malley's incorporation. The evidence was uncontradicted that Hill would not extend credit to a corporation such as that formed by O'Malley without first requiring that the principal owner and shareholder sign a personal guarantee of the corporate debts. In the instant matter, O'Malley signed no such personal guarantee.

This lawsuit comes about because O'Malley, Inc., became insolvent and took bankruptcy. At the time of the bankruptcy of the corporation, the personal account which O'Malley had with Hill showed an unpaid balance of $6,172.97.

After the bankruptcy of O'Malley, Inc., Hill sued John O'Malley personally for $6,172.97.

Hill's petition against O'Malley does not mention the corporation and was framed against O'Malley as an action for goods bought, sold, and delivered from Hill to O'Malley.

At the close of the evidence, O'Malley moved the court for an order dismissing the petition filed by Hill. The court granted this motion, stating:

"4. The Court granted defendant's motion for dismissal based upon the lack of evidence to support plaintiff's attempt to 'pierce the corporate veil', and Plaintiff, Hill and Company, Inc., as a matter of law had notice of the fact of the incorporation by receipt of checks, all as set forth in the court's oral decision."

During the evidentiary phase of the hearing, O'Malley had introduced some 11 checks which he had used to pay Hill through the years, each of which bore the name: "O'Malley Plumbing, Inc." The trial court, in its oral decision, said: "I think that Hill and Company as a matter of law did have notice of the fact of the incorporation. The checks I think are sufficient to put the company on notice that they are dealing with a corporation."

We have examined the record in this case and conclude that the trial court applied the wrong rationale in reaching its conclusion, which requires us to reverse and remand.

We agree that there was no evidence to "pierce the corporate veil." The problem with that finding by the trial court is that Hill insists that it was not attempting to "pierce the corporate veil" and that it was not required to do so to prove its case. We concur.

We have examined the pleadings and have read the transcript of the trial. We find nothing in the pleadings or the trial transcript that suggests Hill was proceeding on a theory designed to "pierce the corporate veil." The lawsuit was against O'Malley individually and not against O'Malley, Inc., and in no way did it refer to the corporation. We think that the trial court erred in dismissing the action on the corporate veil theory since that theory was not relied upon by the plaintiff in seeking relief.

As we interpret the pleadings and the evidence, it is our judgment that Hill was: (1) seeking to prove that its only agreement was with O'Malley, the individual, who could not, unilaterally, avoid his personal liability by incorporating his business, and/or (2) seeking to establish liability on O'Malley on the theory that he could not escape liability by seeking to shift the responsibility of the bill to an undisclosed principal, *i.e.* O'Malley, Inc.

The trial court simply short-circuited the entire process when it held that, *as a matter of law*, Hill was informed of O'Malley's change to a corporate status by accepting 11 checks from O'Malley, which bore the legend "O'Malley Plumbing, Inc.," on the face of the checks. We hold that the trial court was wrong in resolving the question of liability in this manner.

Generally, the determination of whether a person had actual knowledge of something is a question of fact. *Thomas v. Evans,*

200 Kan. 584, 589, 438 P.2d 69 (1968); *Colorado Interstate Gas Co. v. Dufield*, 9 Kan. App. 2d 428, 430, 681 P.2d 25, *rev. denied* 235 Kan. 1041 (1984). Appellant contends that the appropriate standard of review for this court is set out in *Baker v. R. D. Andersen Constr. Co.*, 7 Kan. App. 2d 568, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982), wherein the court stated:

"Generally, when ruling on a motion for involuntary dismissal under K.S.A. 1981 Supp. 60-241(*b*) at the close of plaintiff's case, a trial judge sitting without a jury has the power to weigh and evaluate the evidence in the same manner as if he were adjudicating the case on the merits and making findings of fact at the conclusion of the entire case. [*Citation* omitted.] On appellate review of an order of involuntary dismissal entered as per the situation above, the findings of fact made by the trial court will be upheld if there is substantial evidence to support them, and the evidence will be viewed in the light most favorable to the party prevailing at trial. [Citations omitted.]" 7 Kan. App. 2d at 579.

We do not agree that the quotation above is the appropriate standard of review in this case. In the instant matter, the court found that Hill received 11 checks from O'Malley, Inc. as payment on the account originally opened by O'Malley in his individual capacity. The preprinted checks listed the name of the drawer as "O'Malley Plumbing, Inc." Based on this evidence, the district court concluded that Hill had actual notice of O'Malley's incorporation "as a matter of law" by receipt of the checks and, thus, could not maintain an action against O'Malley individually.

As can be seen, the district court's conclusion that the receipt of corporate checks constituted notice of incorporation as a matter of law is a legal conclusion subject to unlimited review by this court on appeal. See *McMichael v. Land Co.*, 104 Kan. 778, 781, 180 Pac. 777 (1919); *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

We are not, therefore, limited to a determination as to whether there is substantial evidence to support the trial court's finding. That finding interprets the evidence as a matter of law and is subject to unlimited review by this court, and we conclude that it does not reflect the law of this state.

The question of whether O'Malley advised Hill of his change to a corporate status, in such a manner as to shift his personal

liability to the corporation, is not a question of law but is a question of fact. The evidence on this particular issue was conflicting. There was evidence that O'Malley gave Hill oral notice of his incorporation. Hill's witnesses strongly deny that this ever happened and insist that they had no oral notice. The checks issued by O'Malley, Inc., to Hill in payment of invoices are evidence of notification in and of themselves. These checks, however, are counterbalanced by evidence that O'Malley signed invoices without any corporate indication and that all billings from Hill were sent to O'Malley individually and not to O'Malley, Inc.

All of the above is simply an indication that this was a case for the trier of fact, and it should not have been disposed of by holding that receipt of the checks gave notice as a matter of law.

O'Malley contends that K.S.A. 1990 Supp. 60-209 prevents Hill from raising agency issues at trial because O'Malley's answer asserted the existence of his corporation and Hill failed to respond to that answer by a negative averment that O'Malley, Inc., was not a corporation. We do not agree. K.S.A. 1990 Supp. 60-209 does not apply under the facts of this case. In the instant matter, Hill sued O'Malley individually rather than suing O'Malley, Inc. O'Malley, Inc., was not a party to this lawsuit, and its existence is not in dispute. Hill was under no duty to file a response to O'Malley's answer, nor, indeed, could it file such a response unless ordered to do so by the court. K.S.A. 60-207(a). Since the court ordered no reply to the answer, Hill had no duty to challenge by specific negative averment O'Malley Inc.'s corporate existence. We hold that Hill properly raised agency issues at trial.

We do not believe that the evidence in this case was such that the question of notice of O'Malley's incorporation could be resolved as a matter of law.

Under Kansas law, a corporate director or officer cannot escape personal liability under a contract entered into with third persons on behalf of the corporation if the third person is unaware of the corporation's existence and the directors or officers failed to disclose its existence. *Lentz Plumbing Co. v. Fee*, 235 Kan. 266, 271, 679 P.2d 736 (1984). It is clear that the corporate agent has the positive duty to disclose the fact of agency and the identity of the principal to the third party in order to escape personal

liability on the contract. *Bruce v. Smith*, 204 Kan. 473, 476, 464 P.2d 224 (1970).

However, if the third party has actual notice of the agency and the identity of the principal from whatever source, the corporate agent will not be held personally liable for the corporate debt. "Where the other party has actual knowledge of the agency and the identity of the principal, the agent will be relieved from liability, whether he himself makes the disclosure or the other party acquires the knowledge from some other source." 235 Kan. at 271; see 3 C.J.S., Agency § 369.

" 'Actual notice means, among other things, knowledge of facts and circumstances so pertinent in character as to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.' " *Thomas*, 200 Kan. at 587; *Lane v. Courange*, 187 Kan. 645, 648, 359 P.2d 1115 (1961). "'Notice' means intelligence by whatever means communicated; information; knowledge." *Koehn v. Central National Ins. Co.*, 187 Kan. 192, 200, 354 P.2d 352 (1960).

There are a number of cases dealing with the question of whether receipt of a corporate check amounts to notice of incorporation. In support of the trial court's conclusion, O'Malley cites *Johnston v. Biehl*, 7 Wash. App. 757, 502 P.2d 1027 (1972), *rev. denied* 81 Wash. 2d 1010 (1973). This, according to our research, is the only decision of a sister state reaching this particular conclusion and we designate it the "minority view."

Our research reveals that the case law is overwhelmingly consistent in holding that the mere addition of the term "Inc." or "Corp." on company checks by itself does not constitute actual notice of incorporation to a third-party creditor who has dealt with the debtor in an individual or partnership capacity. See *Northway Lanes v. Hackley Union Nat. Bank & Trust Co.*, 464 F.2d 855, 859 (6th Cir. 1972) (applying Michigan law); *Conner v. Steel, Inc.*, 28 Colo. App. 1, 4-5, 470 P.2d 71 (1970); *Taylor Oil Co. v. Giordano*, 210 N.J. Super. 159, 165-66, 509 A.2d 269 (1986); *Anderson, Clayton & Company, Inc. v. Swallows*, 84 N.M. 486, 489-90, 505 P.2d 431 (1973); *Howell v. Smith*, 261 N.C. 256, 261-62, 134 S.E.2d 381 (1964); *American Smelting & Refining Company v. Ridgway*, 412 S.W.2d 675, 678 (Tex. Civ.

App. 1967); *Philipp Lithographing Co. v. Babich*, 27 Wis. 2d 645, 649-50, 135 N.W.2d 343 (1965).

The rule in the cases cited above places the burden on the agent to disclose both the principal and the representative capacity, the rationale being that a third-party creditor, who has agreed to look to the individual for payment rather than some unknown and undisclosed principal, is entitled to rely on the personal liability of the individual to whom credit was extended. In *Taylor Oil Co. v. Giordano*, 210 N.J. Super. 159, the New Jersey court, at page 163, stated:

" We are persuaded that the rule of continuing liability is commerically reasonable and jurisprudentially sound. It is evidently predicated on the perception that one seeking the broad immunity from personal liability afforded by incorporation should be obliged to give appropriate notice of incorporation to those of its creditors who have been induced to enter into business arrangements in reliance on the principal's personal credit. We are satisfied that as a matter of commercial necessity, the principal cannot be permitted unilaterally to defeat the expectations of the creditor by the simple expedient of an unnoticed, self-insulating incorporation."

In rejecting the debtor's argument that receipt of corporate checks in payment of the debtor's account gave the creditor actual notice of the incorporation, the court went on to say:

"As a matter of public policy and commercial reality, a trade creditor should not be burdened with the duty of continually monitoring its customers' business organization. Rather, the business entity seeking the benefits of incorporation should be required to provide notice to its trade creditors of the status change." *Taylor Oil Co.*, 210 N.J. Super. at 166.

We consider the cases cited above to be the majority rule in the United States. We adopt the majority rule as reflected by the cases immediately cited above and find that rule preferable to the holding in *Johnston* because the majority rule protects the expectation interests of creditors and places the burden of adequate notice of the change in status squarely upon the party seeking to invoke the benefits of incorporation. The majority view is also consistent with Kansas cases, such as *Lentz Plumbing Co.* and *Bruce*, which require disclosure of both the agency relationship and the identity of the principal in order for an agent to escape personal liability. Although a check bearing the name of the corporation presumably would satisfy the identity of the prin-

cipal requirement, the nature of the agency relationship is not disclosed by an individual's signature.

We hold that the trial court erred in holding that, as a matter of law, receipt of the checks bearing the words "O'Malley Plumbing, Inc." provided sufficient notice of the corporate status to Hill & Co. While those checks are not proof of notice as a matter of law, they remain evidence to be considered, along with the other evidence, by the trier of fact. The factual question is whether O'Malley sufficiently disclosed his agency relationship and the identity of his principal in his dealings with Hill after the business was incorporated.

We reverse and remand for a new trial on the issues noted in this opinion.

Reversed and remanded.