(880 P.2d 1289)
No. 71,209

BETHANY MEDICAL CENTER, *Appellant*, v. WALLACE, SAUNDERS,
AUSTIN, BROWN AND ENOCHS, CHARTERED, *Appellee*.

Opinion filed September 16, 1994.

*Kurt S. Brack*, of Holbrook, Heaven & Fay, P.A., of Kansas City, for
appellant.

*Paul Hasty, Jr.*, and *Tina A. Smith*, of Wallace, Saunders, Austin, Brown
and Enochs, Chartered, of Overland Park, for appellee.

Before ROYSE, P.J., ELLIOTT, J., and TOM MALONE, District
Judge, assigned.

ELLIOTT, J.: This appeal involves a dispute regarding the pay-
ment of between $70 and $90, depending on whether Bethany
Medical Center (hospital) cashed a $22.75 check from the Wallace,
Saunders, Austin, Brown & Enochs, Chartered (Wallace, Saun-
ders), law firm.

We reverse and remand.

The facts are simple. Wallace, Saunders represented a defen-
dant in a personal injury action. The law firm requested
plaintiff's medical records from the hospital by subpoena. The
hospital resisted, demanding a court order or a release from the
plaintiff/patient.

The law firm obtained a release from plaintiff and forwarded it to the hospital. The hospital provided the records and charged $1.00 per page for 91 pages. The law firm responded by stating a reasonable charge would be $.25 per page and forwarded its check for $22.75.

This lawsuit followed. The trial court agreed with the law firm that since it was acting as the agent for a disclosed principal, it was not "personally" liable for the debt.

Since the trial court considered matters outside the pleadings, we treat this case as the granting of a motion for summary judgment rather than a motion to dismiss. K.S.A. 1993 Supp. 60-212(b). See *Dillard v. Strecker*, 18 Kan. App. 2d 899, 902, 861 P.2d 1372 (1993).

Clearly, the relation of attorney and client is one of agency. *Miotk v. Rudy*, 4 Kan. App. 2d 296, 300, 605 P.2d 587, *rev. denied* 227 Kan. 927 (1980). An agent has a duty to disclose both the fact of the agency and the identity of the principal in order to avoid personal liability. *Bruce v. Smith*, 204 Kan. 473, Syl. ¶ 3, 464 P.2d 224 (1970).

Both parties rely essentially on the same cases: *Lentz Plumbing Co. v. Fee*, 235 Kan. 266, 679 P.2d 736 (1984), and *Hill & Company, Inc. v. O'Malley*, 15 Kan. App. 2d 709, 817 P.2d 660 (1991). The law firm argues the hospital was on notice to investigate further because it placed the caption of the underlying suit on all correspondence to the hospital. We disagree.

The ultimate holding of *Hill & Company* is that the agent has the *duty* to disclose the agency *and* the principal in order to avoid personal liability, and that the third party (hospital) is not required to make inquiry as to those facts. 15 Kan. App. 2d at 715-16.

Simply put, placing the caption of the case on correspondence does *not* disclose the identity of the principal. The correspondence did not state that the law firm was acting in a representative capacity for either plaintiff or defendant. When the law firm sent the hospital a release from plaintiff, a reasonable person might be led to believe the law firm represented the plaintiff rather than defendant.

Whether the fact of the agency and the name of the principal were disclosed or known to the hospital so as to protect the agent

from personal liability is a question of fact. *Lentz Plumbing*, 235 Kan. at 271; *Hill & Company*, 15 Kan. App. 2d at 716. Since the fact of disclosure of the agency and the principal is disputed, summary judgment was inappropriate.

A reasonably prudent person might wonder why we are publishing a case such as this. There are a couple of reasons. First, these kinds of cases are increasingly clogging the dockets of the courts of this state.

Second, this is a case which should never have had to have been filed. In some parts of the state, the bar association and the medical society have negotiated "reasonable costs" for the copying of medical records. For example, such an agreement might include an administrative fee of $15.00, plus $.20 or $.25 per page. In Sedgwick County, unfortunately, the agreement is not binding on hospitals. It is binding only on doctors and lawyers.

The point is simply this: In every county, doctors, lawyers, and hospitals should negotiate what is a reasonable charge for the copying of medical/hospital records of litigants. If that were done here, this kind of case would be unnecessary and clients would not have to pay for needless lawsuits.

Reversed and remanded for further proceedings to determine the disputed fact questions.