(928 P.2d 97)
No. 74,033

BETHANY MEDICAL CENTER, *Appellee*, v. WALLACE, SAUNDERS, AUSTIN, BROWN and ENOCHS, CHARTERED, *Appellant*.

Opinion filed November 27, 1996.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for appellant.

*Kurt S. Brack* and *Reid F. Holbrook*, of Holbrook, Heaven & Fay, P.A., of Merriam, for appellee.

Before RULON, P.J., PIERRON, J., and TOM MALONE, District Judge, assigned.

RULON, J.: Wallace, Saunders, Austin, Brown and Enochs, Chartered, defendant, appeals from the district court's judgment in favor of Bethany Medical Center, plaintiff. We affirm.

The material facts are as follows:

This is the second time this case has been before this court. Defendant represented Shannon Thomas in a personal injury action styled *Rose v. Thomas*. Defendant directed the clerk of the district court to issue a business records subpoena to plaintiff for medical records of Teresa L. Rose.

Plaintiff's counsel wrote to defendant to inform defendant that according to state and federal law, plaintiff could not produce the requested records except pursuant to Ms. Rose's written and signed authorization or pursuant to a court order. That same day, plaintiff's counsel filed a motion to quash the subpoena, asserting that, by statute, it was "expressly prohibited" from releasing the information sought without a court order or a signed consent form. The motion further asserted plaintiff would promptly produce the records upon either an authorized consent or a court order.

Later, defendant sent plaintiff's counsel Ms. Rose's signed consent authorizing plaintiff to release the requested information to defendant and a cover letter requesting that plaintiff provide the records at its "earliest convenience."

Neither the subpoena nor the letter from defendant to plaintiff indicated who defendant represented in the case *Rose v. Thomas*.

Plaintiff sent defendant the requested information, which consisted of 91 pages, along with an invoice for $91. Defendant in turn sent plaintiff a letter and check for $22.75. Defendant's letter stated the charge of $1 per page for photocopies "is per se unreasonable" and "$.25 per page is far more than your actual cost, and is certainly reasonable."

After unsuccessfully demanding payment from defendant, plaintiff filed this cause, seeking to recover $91. Defendant filed a motion to dismiss, which the district court granted. Plaintiff appealed that judgment, and this court reversed and remanded, holding that summary judgment was inappropriate because "the fact of disclosure of the agency and the principal is disputed." *Bethany Med. Center v. Wallace, Saunders, Austin, Brown & Enochs, Chtd.*, 19 Kan. App. 2d 1111, 1113, 880 P.2d 1289 (1994) (hereinafter *Bethany I*).

On remand, the district court held a bench trial. After hearing the evidence, the court found that defendant was acting as an agent, but did not disclose to plaintiff the identity of its principal and therefore was personally liable for plaintiff's fee. The court further found plaintiff's fee was reasonable.

This appeal followed.

The first question that must be answered is whether the trial court had, and therefore whether this court has, jurisdiction over this case.

"Determining whether the trial court had jurisdiction in the present controversy is a question of law and, as such, our review is unlimited. [Citation omitted.]" *Zion Lutheran Church v. Kansas Comm'n on Civil Rights*, 16 Kan. App. 2d 237, 239, 821 P.2d 334 (1991).

In providing defendant the requested documents, plaintiff was not acting pursuant to the subpoena. Plaintiff is correct that once it filed a timely motion to quash the subpoena, it was under no obligation to act thereunder without further court order. The record does not disclose whether defendant ever attempted to get a court order to enforce the subpoena even though the letter that plaintiff's counsel wrote to defendant, informing it of the motion to quash, practically invited defendant to do so: "You may advise the Judge that we have no objection to the issuance of such an Order." Instead, defendant sent plaintiff Ms. Rose's signed consent and authorization for plaintiff to provide the documents to defendant. Plaintiff, therefore, was acting pursuant to that authorization, not the subpoena.

Defendant argues this dispute "arose out of [its] attempt to procure medical records from a witness in the case *Rose v. Thomas,* a pending proceeding in a sister court of original jurisdiction." This is an overstatement. This dispute is *related* to the case *Rose v. Thomas,* but it *arose* out of defendant's refusal to pay plaintiff its fee for copying medical records that defendant requested pursuant to Ms. Rose's signed authorization. Clearly, the district court had jurisdiction over this cause of action.

Defendant next argues the district court erred in finding that plaintiff did not have actual knowledge of defendant's principal.

Defendant contends that plaintiff had actual knowledge of the identity of its principal via plaintiff's own agent, the law firm of Holbrook, Heaven & Fay (Holbrook, Heaven). Defendant sought to prove that Holbrook, Heaven gained this knowledge via the Wyandotte County Echo, (Echo) the official legal publication for cases docketed in Wyandotte County District Court. As we understand, the Echo published a notice of the hearing set for plaintiff's motion to quash defendant's subpoena on some date prior to the date that defendant sent plaintiff Ms. Rose's authorization to release her medical records. The Echo, however, is not in the record on appeal.

"Where the other party has actual knowledge of the agency and the identity of the principal, the agent will be relieved from liability, whether he makes the disclosure or the other party acquires the knowledge from some other source. [Citation omitted.]" *Lentz Plumbing Co v. Fee*, 235 Kan. 266, 271, 679 P.2d 736 (1984).

" 'Actual notice does not mean that which in metaphysical strictness is actual in its nature, because it is seldom that ultimate facts can be communicated in a manner so direct and unequivocal as to exclude doubts as to their existence or authenticity. Actual notice means, among other things, knowledge of facts and circumstances so pertinent in character as to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.' [Citations omitted.]" *Thomas v. Evans*, 200 Kan. 584, 587, 438 P.2d 69 (1968) (quoting *Pope v. Nichols*, 61 Kan. 230, 236, 59 Pac. 257 [1899]).

Actual notice includes both express and implied notice. 200 Kan. at 587. Express notice " 'includes all knowledge or information coming to the party to be charged . . . or which imposes upon him the further duty of inquiry.' " 200 Kan. at 587. Implied notice " 'imputes knowledge to the party because he is shown to be conscious of having the means of knowledge, though he does not use them.' " 200 Kan. at 587.

Defendant does not argue that the district court erred in finding that defendant did not disclose the identity of its principal. Rather, defendant argues: "As a matter of law, Plaintiff's agent, the Holbrook, Heaven & Fay law firm, had actual notice, published in the legal newspaper for Wyandotte County, of the agency/principal

relationship between Paul Hasty of Wallace, Saunders and Shannon R. Thomas, the Defendant in the lawsuit in *Rose v. Thomas*."

Defendant argues this court has de novo review because the district court "concluded that the principal was not fully disclosed, as a matter of law" and that the controlling facts of this case "are based on stipulations and documentary evidence." Plaintiff argues this is a question of fact, limiting this court's review to whether substantial competent evidence supports the district court's findings.

Nothing in either the district court's ruling from the bench or in its journal entry indicates the court found that defendant did not disclose its principal "as a matter of law." Furthermore, there are no stipulations in the record on appeal, and the facts of the case were not limited to documentary evidence. To the contrary, the district court held a full evidentiary trial before making its findings.

"Whether or not the fact of the agency and the name of the principal were disclosed or known to the third party so as to protect the agency from personal liability on the transaction is essentially a question of fact which depends upon the circumstances surrounding a particular transaction." *Lentz Plumbing Co.*, 235 Kan. at 271. Further, the question of whether a person has actual notice or reason to know of the identity of a principal is one of fact. *Thomas*, 200 Kan. at 589. Consequently, our standard of review is "whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law." *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 (1993).

Here, however, the district court's findings are unclear. The court said:

"I think that from the evidence I heard, even knowing the Wyandotte County Echo, I think it certainly could be that no one knew who actually the law firm—the Wallace[,] Saunders law firm represented at that time, and certainly could have assumed it was Miss Rose since the . . . authorization was presented to them from her, and the actual letters from the firm don't . . . specifically point that out. So, [I] would rule that the [principal] was not disclosed."

The only pertinent factual finding in the journal entry states: "[T]he defendant did not specifically disclose to plaintiff who [it]

represented and [it] did not disclose the identity of its principal. Accordingly, the defendant cannot avoid personal liability on the debt."

The district court made a somewhat veiled finding that no one at Holbrook, Heaven knew the principal's identity, but made no specific finding as to whether either plaintiff or Holbrook, Heaven had either a reason to know or to investigate into the principal's identity.

"Although the trial court should state the controlling facts in its decision [citation omitted], where the court fails to do so and the litigants fail to object, the trial court is presumed to have found all facts necessary to support the judgment, and omissions in findings will not be considered on appeal. [Citation omitted.]" *United Proteins, Inc. v. Farmland Industries, Inc.*, 259 Kan. 725, 731, 915 P.2d 80 (1996).

Defendant did not object below and, in fact, does not complain on appeal that the district court failed to make any necessary factual findings. The court's judgment was that defendant was liable for the debt. Presuming that the court found all facts necessary to support that judgment, the only question is whether substantial competent evidence supports those presumed findings.

An attorney from Holbrook, Heaven testified that it was the firm's procedure for the secretarial staff to review the Echo and then notify the attorneys of any pending motions. He further testified that, via the Echo, the firm had available the information regarding which party defendant represented in the case *Rose v. Thomas*.

The only direct knowledge, however, that either plaintiff or Holbrook, Heaven had regarding the agency relation in question was that defendant was somehow involved in the case *Rose v. Thomas* and that defendant had produced a consent form signed by Ms. Rose authorizing plaintiff to release her medical records.

Based on the evidence, Holbrook, Heaven had the means to determine the identity of the principal. The question, however, is whether the knowledge and information that plaintiff and Holbrook, Heaven had was such to impose upon them the further duty of inquiry.

In *Bethany I*, this court said:

"The ultimate holding of *Hill & Company [v. O'Malley*, 15 Kan. App. 2d 709, 714, 817 P.2d 660 (1991),] is that the agent has the *duty* to disclose the agency *and* the principal in order to avoid personal liability, and that the third party (hospital) is not required to make inquiry as to those facts." 19 Kan. App. 2d at 1112.

Here, the district court found, and the record supports such a finding, that there was no evidence that anyone at Holbrook, Heaven actually saw the item in the Echo regarding the *Rose v. Thomas* case. The further presumed finding is that neither plaintiff nor Holbrook, Heaven had a reason to know or to investigate further into the identity.

Under the circumstances of this case, the duty to disclose more appropriately falls onto defendant. Defendant initially requested Ms. Rose's medical records and, upon request, produced her signed authorization for their release. Plaintiff could have easily assumed, albeit erroneously, that Ms. Rose was the principal.

Defendant lastly argues the district court erred in finding that plaintiff's fee for the copies was reasonable. First, defendant asserts that this court "specifically provided guidance in our prior opinion on this matter stating that an appropriate fee for copying medical records in cases such as *Rose v. Thomas* is $.25 per page with a $15 administrative fee.

In *Bethany I*, this court said: "In some parts of the state, the bar association and the medical society have negotiated 'reasonable costs' for the copying of medical records. For example, such an agreement might include an administrative fee of $15.00, plus $.20 or $.25 per page." 19 Kan. App. 2d at 1113. Such language may or may not be "specific guidance" as to what is a reasonable fee, but it is not a statement that such a fee is "an appropriate fee," as defendant argues.

Second, defendant argues that statutory law allows a nonparty witness to charge only reasonable fees and that a fee of $1 per page is not reasonable "as a matter of law." Defendant argues our standard of review is unlimited. Plaintiff argues that whether a fee is reasonable is a question of fact.

If defendant is correct that statutory law limits the amount plaintiff may charge for copies to a reasonable fee, then interpretation

of that statute would be a question of law. See *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). Defendant, however, is incorrect that any statute governs this case.

Defendant relies on K.S.A. 60-245a(b), which provides: "The reasonable costs of copying the records may be demanded of the party causing the subpoena to be issued. If the costs are demanded, the records need not be produced until the costs of copying are advanced." As discussed above, however, plaintiff did not act pursuant to the subpoena. Once plaintiff filed its timely motion to quash the subpoena, it was no longer obligated to produce any documents without a court order. Plaintiff provided the requested information pursuant to Ms. Rose's signed consent and authorization for release of the records, not the subpoena. Thus, K.S.A. 60-245a is inapplicable.

Although K.S.A. 60-245a(b) does not here apply, the test is still whether the fee plaintiff charged is reasonable. "If compensation was uncertain the doctrine of quantum meruit is applicable . . .; if a misunderstanding exists as to compensation and neither party succeeds in establishing his version with the court, the law rejects the understanding of each and awards reasonable compensation. [Citations omitted.]" *Brakensiek v. Shaffer*, 203 Kan. 817, 823, 457 P.2d 511 (1969).

This is not a question of law, however, as it would be under K.S.A. 60-245a(b), but a question of fact. Consequently, this court's standard of review is whether the district court's finding that plaintiff's fee was reasonable is supported by substantial competent evidence.

"If there is no agreement fixing compensation or if recovery is sought on the basis of quantum meruit any evidence tending to show the reasonable value of the services rendered by a broker or an agent is admissible. [Citations omitted.]" 203 Kan. at 823. "Where a party is suing on a basis of *quantum meruit* to recover compensation for services rendered, he is permitted to testify as to the reasonable value of his services." 203 Kan. 817, Syl. ¶ 3.

The district court heard the evidence regarding the reasonable value of plaintiff's fee and found such was reasonable. That finding is supported by substantial competent evidence.

This case presents issues that our legislature may ultimately need to address.

Affirmed.