(930 P.2d 1096)

No. 74,737

BOB LISBON d/b/a LISBON ASSOCIATES, *Appellee/Cross-Appellant,* v. HEATCRAFT, INC., d/b/a ADVANCED DISTRIBUTOR PRODUCTS, *Appellant.*

Opinion filed January 17, 1997.

*Brenda L. Head,* of Davis, Unrein, Hummer, McCallister & Buck, L.L.P., of Topeka, for the appellant.

*Evan H. Ice* and *William J. Skepnek* of Stevens & Brand, L.L.P. of Lawrence, for the appellee/cross-appellant.

Before PIERRON, P.J., ROGG, S.J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J.: This is an action to recover damages for breach of contract brought by Bob Lisbon, d/b/a Lisbon Associates (Lisbon), against Heatcraft, Inc., d/b/a Advanced Distributor Products (Heatcraft). Heatcraft appeals from the damage award entered in favor of Lisbon after a jury trial. Heatcraft contends the trial court erred by allowing the jury's damage award to include both Lisbon's lost profits and his expenses. Lisbon cross-appeals from the trial

court's decision to deny it prejudgment interest on the damage award.

The essential facts in the case are not greatly in dispute and are as follows: Lisbon is a sales organization which represented manufacturers that do not have their own sales force. Pursuant to agreements with 20 different manufacturers, Lisbon sold parts and components for use in heating, refrigeration, and air conditioning. On February 1, 1992, Lisbon contracted to become Heatcraft's exclusive sales representative for a five-state area.

The contract was for a 1-year term and automatically renewed itself each year if the parties did not affirmatively cancel the agreement. On February 1, 1993, the contract automatically renewed for another 12-month period.

Heatcraft canceled the contract on March 1, 1993, and contracted with another organization, KASCO, to sell its products. During the remainder of the 1-year period, KASCO earned $26,124.93 in commissions from the sale of Heatcraft products. Lisbon, on the other hand, was unable to replace the Heatcraft line of products, and total sales decreased as a result.

In April 1993, Lisbon filed suit against Heatcraft for breach of contract. Lisbon alleged Heatcraft breached the contract by canceling it during the 1-year term and claimed $49,999.99 in damages. The final pretrial order was orally amended by the trial court on the day of trial to provide that $26,124.93, the amount paid to KASCO, was Lisbon's claim for damages.

At trial, Bob Lisbon testified that Lisbon employs seven salespeople, who by contract are paid commissions. For each sale of a Heatcraft product, Heatcraft pays Lisbon a commission, and Lisbon then pays 70% of that commission to the salesperson. Bob Lisbon testified that the arrangement with the salespeople remains in effect and under the terms of the agreement Lisbon is obligated to pay them 70% of any damages awarded in the present litigation. He also testified the salespeople pay their own expenses and the loss of the Heatcraft product line did not decrease their expenses.

The trial court gave the following instruction on damages:

"If you find for the plaintiff, then you should award such sum as you believe will fairly and justly compensate him for the damages you believe he sustained as a direct result of the defendant's breach of contract.

"The plaintiff's damages may be measured by commissions earned by KASCO for the period February 1, 1993, to January 31, 1994, decreased by any costs that plaintiff would have incurred on securing the sales.

The total amount of your verdict may not exceed the sum of $26,124.93, the amount of plaintiff's claim."

The jury found that Heatcraft breached the contract and awarded Lisbon $26,124.93 in damages. Heatcraft appeals the damage award. Lisbon filed a motion for prejudgment interest on the damage award. The trial court denied the motion, and Lisbon filed a cross-appeal challenging that ruling.

Heatcraft does not appeal on the issue of liability, but only challenges the damages awarded, contending the trial court erred as a matter of law when it allowed Lisbon to recover as damages both lost profits and out-of-pocket expenses incurred in earning those profits.

Simply stated, it is Heatcraft's position that Lisbon is entitled to recover only its *loss of profits* which it would have received if Heatcraft had not breached the contract—Lisbon's actual loss of profits would equal the full amount of the unpaid commissions owed by Heatcraft less the 70% payable to Lisbon's salespeople and any other expenses Lisbon would have incurred. At the pretrial conference, the court agreed with Heatcraft. However, the issue arose again during the trial, and Lisbon argued that Bob Lisbon could testify as to Lisbon's contractual obligation to its salespeople, because 70% of any damages awarded would have to be paid to the salespeople under their contract.

In support of its position, Lisbon cited *Colorado Interstate Gas Co. v. Dufield*, 9 Kan. App. 2d 428, 681 P.2d 25 *rev. denied* 235 Kan. 1041 (1984), and argued that the real party in interest rule allows Lisbon to recover for the salespeople. The trial court changed its former position, finding *Colorado Interstate Gas Co.* to be controlling and holding that under the real party in interest rule, Lisbon could properly recover the full amount of the commissions due, including the 70% that would be paid to the salespeople, less any expenses attributable to the securing of these sales.

The opinion in *Colorado Interstate Gas Co.* recognized the real party in interest rule, stating:

"The purpose of the real party in interest rule is to require that the action be brought by the person who, according to the governing substantive law, possesses the right sought to be enforced and not necessarily the person who ultimately benefits from the recovery. The purpose of the rule had been attained if the defendant is not shut out of defenses or counterclaims and will be fully protected by the judgment against further liability on the same cause of action." 9 Kan. App. 2d 428, Syl. ¶ 6.

In the present case, because Lisbon contracted with Heatcraft, it possessed the right to recover for the breach of the contract. Lisbon is the real party in interest and K.S.A. 60-217(a) mandates the action against Heatcraft be brought in its name. The salespeople, on the other hand, did not contract with Heatcraft and, thus, did not possess a right against Heatcraft. Rather, because the salespeople had a contract with Lisbon to receive 70% of the commission payable by Heatcraft to Lisbon, they possessed a contractual right against Lisbon. In this case, Lisbon will not benefit from the entire judgment, because it is obligated to pay 70% of any recovery to the salespeople.

The real party in interest rule was applied in *Ryder v. Farmland Mut. Ins. Co.*, 248 Kan. 352, 367, 807 P.2d 109 (1991), and *Winsor v. Powell*, 209 Kan. 292, 297, 497 P.2d 292 (1972). In the case before us, because the salespeople were entitled to recover 70% of the commissions paid to Lisbon, the jury properly awarded that amount to Lisbon.

The trial court did not err in accepting Bob Lisbon's testimony that Lisbon was obligated to pay 70% of any damages awarded to the salespeople. The jury's award of the total commissions due from Heatcraft places Lisbon in the position it would have occupied if the contract had been performed. Therefore, the damage award was not improper or excessive.

Heatcraft complains the trial court erred by failing to give its requested jury instruction concerning damages. We find no error. The proposed instruction did not differ in any substantial way from the instruction given to the jury. Both instructions instructed the jury that Lisbon's lost profit damages could not include the costs or expenses incurred in earning those profits. We find no error.

The issue as to the amount of damages Lisbon was entitled to recover was submitted to the jury, which had a full opportunity to

consider the evidence presented by the parties and the arguments of counsel. We cannot say the trial court erred in accepting the jury's award of damages. The judgment of the trial court is affirmed as to the issues raised by Heatcraft in its appeal.

We will now consider the issue raised by Lisbon in its cross-appeal that the trial court erred in not awarding prejudgment interest on the jury's award.

K.S.A. 16-201 governs prejudgment interest, providing "[c]reditors shall be allowed interest at the rate of 10 percent per annum . . . for any money after it becomes due; for money lent or money due on settlement of account, from the day of liquidating the account and ascertaining the balance."

In *Kilner v. State Farm Mut. Auto. Ins. Co.*, 252 Kan. 675, 686-87, 847 P.2d 1292 (1993), the court held that a claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same becomes definitely ascertainable through mathematical calculation.

The record in this case is clear that the amount of damages to be awarded to Lisbon were not liquidated until the jury reached its verdict. Lisbon's petition, filed on April 30, 1993, alleged damages to be in the amount of $49,999,99. On December 3, 1993, in a pretrial questionnaire, Lisbon stated that damages were $49,999.99. The same amount of damages was stated by Lisbon in a second amended questionnaire filed February 2, 1995.

On the opening day of trial, Lisbon changed the amount of claimed damages to $26,124.93, the total commissions paid by Heatcraft to KASCO. The case then proceeded to trial by jury.

Lisbon's costs were an issue, and the trial court instructed the jury that Lisbon's damages may be measured by the commissions earned by KASCO for the period of February 1, 1993, to January 31, 1994, decreased by any costs that Lisbon would have incurred on securing the sales. The record does not show Lisbon objected to this instruction, thus leaving it up to the jury to decide if any costs existed which would be deducted from the commissions paid to KASCO.

The issue of damages was not finally determined until the jury handed down its verdict on May 9, 1995. At that time, Lisbon's

damages became liquidated. We hold the trial court did not err in holding Lisbon was not entitled to prejudgment interest.

Affirmed.